UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| S.J. Louis Construction, Inc.,<br><br>   Plaintiff,<br><br> v.<br><br>City of Waukesha,<br><br>   Defendant. | Case No.: 2:24-cv-00272-JPS |

## JOINT RULE 26(f) PLAN

In accordance with Federal Rule of Civil Procedure 26(f) and the Honorable Judge JP Stadtmueller's March 26, 2024 Order [Dkt. 8], counsel for the parties conferred on April 5, 2024 and submit the following report of their meeting for the Court's consideration:

**A. Nature of Claims and Defenses**

  **1. S.J. Louis Construction, Inc.'s Summary of the Nature of Claims and Defenses**

Plaintiff S.J. Louis Construction, Inc. ("SJ Louis") brought suit seeking monetary damages against the City of Waukesha (the "City") arising out of the Great Lakes Water Supply program ("Program"). SJ Louis was prime contractor on three of the seven "contract packages" making up the Program, which generally involved installation of 30-inch underground pipeline and various appurtenances. SJ Louis claims that its work was delayed, disrupted, and changed by several factors that were not its responsibility and which were beyond its control, and further claims that it is entitled to change orders increasing the contract price and extending the contract time to account for the delay, disruption, and change that it experienced. In particular, SJ Louis claims that the design for the Project, which was prepared and supplied by the City, contained numerous utility conflicts and design errors, and that the City failed to timely supply permits within its control

without which work could not proceed. SJ Louis also claims that the City has wrongfully withheld payments to SJ Louis on the basis of allegedly defective work. SJ Louis denies the work was defective, and claims entitlement to be paid previously withheld damages. Finally, SJ Louis claims that the City is wrongfully withholding liquidated damages for delay, and that it should have received time extensions on each contract package to account for excusable and compensable delays it suffered as a result of circumstances for which the City is responsible.

SJ Louis filed its Complaint on February 29, 2024, and served the City on March 4, 2024. The City requested an extension of time to answer the Complaint, and the parties stipulated that the City would answer or otherwise respond on or before April 24, 2024.

## 2. The City's Summary of the Nature of Claims and Defenses

The City disputes all of the relief sought in the Complaint. The City's position is that SJ Louis seeks compensation for problems which it caused or for which it is solely responsible under the governing contracts. The City maintains that the contracts make clear that SJ Louis is responsible for the specific areas of design and the overall installation, including the means and methods to be used in installation of the pipeline.

For just one example, the SJ Louis was obligated to locate existing underground facilities before commencement of construction. SJ Louis would then be responsible to notify the resident project representative or engineer regarding areas where deviations from plans would be required due to conflicts with other existing facilities. The engineer or resident project representative would then provide written guidance or clarification on how to proceed prior to construction with any contractual modifications completed in writing. Another example is SJ Louis's contractual responsibility for design and installation of horizontal direction drills at the approximate entry and exit points on the plans. Issues with the drilling are the basis of claims made by SJ Louis against

the City, despite the fact that SJ Louis bears responsibility for the delays and extra costs incurred related to these issues.

SJ Louis also alleges that completion dates were missed and costs were incurred as result of delays in obtaining government permits. However, the City maintains that those delays were caused by SJ Louis's inability to create a workable schedule, which eventually required significant input and comments from the City's engineering team in order to obtain the permits. There are many similar issues for which the City maintains that SJ Louis is not only not entitled to additional payment but, in fact, the City is entitled to recover contractual liquidated damages and other damages that are yet to be fully assessed.

The City also maintains that this lawsuit has been filed prematurely, as final completion has not yet been reached for any of the three contract packages at issue, SJ Louis continues to submit change orders, and the full scope of damages to the City has not yet been determined. As an example, SJ Louis's complaint notes that it continues to submit change order requests and that it anticipates seeking leave to file a supplemental complaint on several issues. (*See* Dkt. 1 ¶¶76, 109, 133.) The City anticipates potentially filing counterclaims.

The City believes that the Complaint's Count IV, for Unjust Enrichment and Quantum Meruit, should be dismissed because there is no dispute over the validity of the contracts at issue and Wisconsin law is clear that, "[i]f the parties entered into a valid, enforceable contract, then unjust enrichment does not apply." *Mohns Inc. v. BMO Harris Bank Nat'l Ass'n*, 2021 WI 8, ¶ 48, 395 Wis. 2d 421, 450, 954 N.W.2d 339, 353–54. "The availability of damages for unjust enrichment presupposed that a contract does not exist, necessitating an equitable remedy." *Id.* The City will accordingly meet and confer with SJ Louis on this issue, pursuant to this Court's Pretrial Procedures Order. (Dkt. 8)

Because of the complex nature of the facts and legal issues involved in this case, extensive discovery will be required.

B.  **Rule 26(a) Disclosures**

Pursuant to Rule 26(a)(1), the parties' initial disclosures are due 14 days after the parties' Rule 26(f) conference, which occurred on April 5, 2024.  The parties jointly request a stipulated extension of time until May 7, 2024 for all parties to make their initial disclosures.

C.  **Formal Discovery**

SJ Louis will seek discovery on the facts, documents, and communications related to the Program, the allegations in SJ Louis's Complaint, and any defenses or counterclaims raised by the City in their forthcoming pleadings.  This discovery will include, but will not be limited to, discovery regarding SJ Louis's change order requests and resulting damages under its contracts with the City, and the City's basis for denying the same, the City's withholding of payments from SJ Louis and the reasons therefore, and SJ Louis's allegations that the City delayed, disrupted, and/or interfered with SJ Louis's work at issue in this action.

The City will seek discovery on all facts, documents, and communications relevant to this lawsuit, the claims and allegations made by SJ Louis, as well as any counterclaims made by the City, which it anticipates will require factual discovery regarding SJ Louis's initial estimating and bidding process, the development of its schedules, its engineering and construction work, the permitting process with the relevant government entities, as well as discovery related to SJ Louis's change order requests. The City will also seek discovery related to damages caused to third party property during SJ Louis's work related to the Program. The City anticipates that extensive expert discovery will also be needed to address the issues central to this lawsuit.

The parties anticipate seventeen months of discovery, with a completion date for all fact and expert discovery no later than September 26, 2025.

### D. Electronic Discovery

The parties anticipate the disclosure and discovery of electronically store information and agree to provide such information in a format reasonably useable and mutually agreed upon. The parties will collaborate on the preparation of a mutually accepted ESI protocol. At this point, each party expects to bear the costs of their own production of documents.

### E. Any Issues About Claims of Privilege or of Protection as Trial Preparation Materials

At this time, the parties are not aware of any privilege issues and do not anticipate any abnormal or exceptional discovery issues in this case. The parties agree that the inadvertent disclosure of privileged or otherwise protected material shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) or as specified in any protective order entered herein. The parties agree that communications or documents that are privileged or protected as work product and that are generated after the commencement of this litigation need not be included in a privilege log under Federal Rule of Civil Procedure 26(b)(5).

### F. Any Proposed Changes in the Limitations on Discovery Provided by the Federal Rules of Civil Procedure or by Local Rule

Unless altered by subsequent agreement of the parties or court order, the parties agree that each party shall be limited to:

- 13 depositions (excluding expert witnesses), with each deposition limited to no more than 7 hours. The parties agree that each shall be entitled to depose all testifying experts designated by the other side.
- 50 interrogatories (including subparts).

### G. Discovery Schedule

Given the complexity of the issues involved and the large number of depositions anticipated, the parties jointly propose the following discovery deadlines and limits:

- The parties shall complete all fact discovery by May 16, 2025.

- The party bearing the burden of proof shall serve expert reports on or before June 27, 2025.

- The parties shall serve rebuttal expert reports on or before August 8, 2025.

- The parties shall complete all fact and expert discovery by September 26, 2025.

**H.     Miscellaneous Discovery Items**

(a) The parties are not requesting an order under Fed. R. Civ. P. 16(c) at this time.

(b) Electronic Service. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to service by electronic means. The parties agree that such service shall be complete upon transmission, provided that the sender does not receive any indication that such transmission was unsuccessful. Service of filings may be made through the Court's ECF system. Service of document productions may be made as set forth in Section D, above.  For all other documents, service shall be made to those e-mail addresses for counsel set forth on the Court's electronic docket or such other address(es) as the parties may designate in writing.

Dated this 18th day of April, 2024.

**STAFFORD ROSENBAUM LLP**

By: *Electronically signed by Jessica C. Mederson*
Jessica C. Mederson, SBN 1087910
Kyle W. Engelke, SBN 1088993

Attorneys for Defendant City of Waukesha

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
Email:  jmederson@staffordlaw.com
kengelke@staffordlaw.com
608.256.0226

**MICHAEL BEST & FRIEDRICH LLP**

By: *s/ Lee M. Seese*
    Lee M. Seese (SBN 1036636)
    *lmseese@michaelbest.com*
    790 N. Water Street, Suite 2500
    Milwaukee, WI 53202
    (414) 271-6560 (P)
    (414) 277-0656 (F)

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**
    Dean B. Thomson (#141045)
    Hugh D. Brown (#390969)
    Alex B. Athmann (#0399153)
    *dthomson@fwhtlaw.com*
    *hbrown@fwhtlaw.com*
    *aathmann@fwhtlaw.com*
    333 South Seventh Street, Suite 2600
    Minneapolis, MN 55402
    (612) 359-7600 (P)
    (612) 359-7602 (F)

*Attorneys for Plaintiff S.J. Louis Construction, Inc.*

221651-0011\37145601.v1